4

J. RUSSELL CUNNINGHAM, State Bar #130578
J. LUKE HENDRIX, State Bar #271424
GABRIEL P. HERRERA, State Bar #287093
NABEEL M. ZUBERI, State Bar #294600
DESMOND, NOLAN, LIVAICH & CUNNINGHAM
1830 15th Street
Sacramento, California 95811
Telephone: (916) 443-2051
Facsimile: (916) 443-2651

Attorneys for J. Michael Hopper
Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

### SACRAMENTO DIVISION

| | |
|---|---|
| In re:<br><br>MANUEL MEDINA and<br><br>KATRINA MEDINA,<br><br>Debtors. | Case No. 12-39110-C-7<br>Chapter 7<br><br>DNL-3<br><br>Date: February 18, 2014<br>Time: 9:30 a.m.<br>Place: Dept. C, Courtroom 35<br>      501 I Street, 6th Floor<br>      Sacramento, CA. 95814 |

## **MOTION TO APPROVE SALE OF ESTATE PROPERTY**

Chapter 7 trustee J. MICHAEL HOPPER ("Trustee"), in his capacity as trustee for the bankruptcy estate of MANUEL MEDINA and KATRINA MEDINA (collectively "Debtors"), hereby moves for authority to sell the bankruptcy estate's interest in the claims asserted in Trina Medina, et. al. vs. Liliana Penton, et. al. (collectively "Defendants"), Sacramento County Superior Court Case No. 34-2011-00110427 ("State Court Case"), to the Debtors, pursuant to the terms detailed herein, subject to overbidding at the sale hearing. In support thereof, Trustee respectfully represents the following:

### **JURISDICTION AND BACKGROUND**

1.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and

1  1334. Venue is proper in this District pursuant to 28 U.S.C. § 1409. Consideration of this Motion
2  is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(N).

3    2.    On October 29, 2012, the Debtors commenced the above-captioned bankruptcy case by filing a voluntary Chapter 7 petition. Trustee is the duly appointed trustee for the Debtors' Chapter 7 bankruptcy estate.

6    3.    Among the assets of the estate is the estate's interest in the State Court Case. The State Court Case was commenced on September 8, 2011 by the filing of a complaint by BOSSIO LAW, A PROFESSIONAL LAW CORPORATION ("Bossio"), on behalf of the Debtors alleging the Defendants' negligent maintenance of a residence located in Antelope, California, which the Debtors leased from the Defendants, and alleging certain nondisclosures and misrepresentations regarding a mold infestation in said leased residence. The complaint alleges causes of action for premises liability, negligence, tortious breach of warranty of habitability, breach of contract, negligent misrepresentation, fraud, retaliatory eviction, constructive eviction, and trespass to chattel. The complaint seeks damages for personal injuries, emotional distress, pain and suffering, damage to personal property, lost earnings, medical expenses, and punitive damages.

16    4.    In their amended bankruptcy schedules, the Debtors claim an exemption in the State Court Case in the amount of $38,959, pursuant to California Code of Civil Procedure Sections 703.140(b)(5) and 703.140(b)(11)(D).

19    5.    On June 24, 2013, the Bankruptcy Court entered an order granting DNL-2, Trustee's application to employ Bossio as special counsel to assist Trustee in prosecuting the estate's interest in the State Court Case, pursuant to the following contingency fee terms: (a) 33 1/3% of the gross amount recovered, before reimbursement for expenses, if the case is settled without filing suit or if settled after suit filed but before the first trial setting conference or within six months after suit filed, whichever is earlier; (b) 40% of the gross amount recovered, before reimbursement for expenses, if settled six months or more after suit is filed, during arbitration, mediation, or after the first trial setting conference or trial; (c) reimbursement of expenses; and (d) Bossio is entitled to either the contingency fee (defined above) or the Court ordered, negotiated or statutory attorney's fees, whichever is greater.

6. Through January 2, 2013, the costs incurred by Bossio prosecuting the State Court Case total $70,652.

7. To date, two claims have been filed against the bankruptcy estate and they are unsecured claims in the aggregate amount of $12,985.63. The last date to file claims was July 16, 2013. Anticipated administrative claims, including Trustee's fees, total approximately $7,000.

## TERMS OF SALE

Subject to Bankruptcy Court approval, Trustee has entered into a sale agreement with the Debtors and Bossio regarding the estate's interest in the State Court Case ("Sale Agreement"). The essential terms of the Sale Agreement include the following:

(A) Trustee shall sell and the Debtors shall purchase the estate's interest in the State Court Case, including the estate's interest in all claims asserted therein and litigation rights arising thereunder, for the purchase price of $124,611, comprised of the Debtors' exemption in the State Court Case ($38,959), Bossio's waiver of all expenses incurred in the State Court Case ($70,652), and a $15,000 net payment to the bankruptcy estate, payable in full within 7 calendar days of the entry of Bankruptcy Court order approving the Sale Agreement. The $15,000 net payment shall neither be subject to any claim of exemption made by the Debtors under any applicable law nor any claim of lien by Bossio.

(B) In furtherance of the Sale Agreement, Bossio releases and discharges the estate from any and all claims and expressly releases any claims against the estate arising under Bossio's contingency fee agreement with Trustee, including any and all claims for reimbursement of costs incurred prosecuting the State Court Case.

(C) The sale is subject to overbidding at the sale hearing.

## BASIS FOR RELIEF

Pursuant to 11 U.S.C. 363(b)(1), Trustee can sell property of the estate after notice and hearing. A sale under Section 363(b)(1) must have a valid business justification and be proposed in good faith. *In re 240 North Brand Partners, Ltd.*, 200 B.R. 653, 659 (9th Cir. BAP 1996). To the extent the sale is considered a compromise, the Court should consider the following factors in determining whether the settlement is fair and equitable: (a) the probability of success in the

litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises. *In Re Woodson*, 839 F.2d 610, 620 (9th Cir. 1988), citing *In Re A & C Properties*, 784 F.2d 1377, 1381, cert. denied 107 S.Ct. 189 (1986).

Trustee's proposed sale to the Debtors has a valid business justification and is in the best interest of the estate. As detailed above, non-administrative claims filed against the estate total less than $13,000 and expected administrative claims total about $7,000. As such, the $15,000 net payment due to the estate will result in a significant return to creditors. While there are no anticipated difficulties in collection, even if the estate is ultimately successful in the litigation, continuing in the litigation would likely only generate further administrative claims and not result in a significantly greater return to non-administrative creditors, particularly given the satisfaction of the Debtors' $38,959 exemption and the elimination of Bossio's potential administrative claims through the Sale Agreement. The Sale Agreement results in an efficient administration of the estate's interest in the State Court Case and avoids the risks and costs associated with the litigation. Based on the above, Trustee believes the Sale Agreement is in the paramount interest of creditors. The proposed sale is a good faith effort by Trustee to maximize the net return to the estate on account of the State Court Case.

**WHEREFORE**, Trustee prays that her motion be granted, and for such other and further relief as is necessary and proper.

Dated: January 24, 2014        DESMOND, NOLAN, LIVAICH & CUNNINGHAM

By: _____
J. LUKE HENDRIX
Attorneys for J. Michael Hopper, Trustee

4